Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
LUIS SARMIENTO GIL, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

                -against-

WEST J&R INC. (d/b/a Da Rosina Ristorante Italiano) and GEMINIANO SANZ (a.k.a Jimmy Sanz)

                *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Luis Sarmiento Gil ("Plaintiff Sarmiento" or "Mr. Sarmiento"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants West J&R Inc. (d/b/a Da Rosina Ristorante Italiano) ("Defendant Corporation"), and Geminiano Sanz (a.k.a Jimmy Sanz), (collectively, "Defendant"), upon information and belief, alleges as follows:

### NATURE OF ACTION

    1.    Plaintiff Sarmiento was an employee of Defendants West J&R Inc. (d/b/a Da Rosina Ristorante Italiano), and Geminiano Sanz (a.k.a Jimmy Sanz).

    2.    Da Rosina Ristorante Italiano was an Italian restaurant owned by Geminiano Sanz (a.k.a Jimmy Sanz), located at 342 West 46th Street New York, New York 10036.

3. Upon information and belief, Defendant Geminiano Sanz (a.k.a Jimmy Sanz) serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates or operated the Italian restaurant as a joint or unified enterprise.

4. Plaintiff Sarmiento was an employee of Defendants.

5. Plaintiff Sarmiento worked long days as a cook at the restaurant.

6. Plaintiff Sarmiento regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Sarmiento appropriately for any hours worked over 40 in a week.

8. Defendants' conduct extended beyond Plaintiff Sarmiento to all other similarly situated employees.

9. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Sarmiento and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Sarmiento now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Sarmiento seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Sarmiento's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Sarmiento was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Luis Sarmiento Gil ("Plaintiff Sarmiento" or "Mr. Sarmiento") is an adult individual residing in New York County, New York.

15. Plaintiff Sarmiento was employed by Defendants from approximately September 2000 until on or about January 22, 2017.

16. At all relevant times to this complaint, Plaintiff Sarmiento was employed by Defendants as a cook at Da Rosina Ristorante Italiano, located at 342 West 46th Street New York, New York 10036.

17. Plaintiff Sarmiento consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants own, operate and/or control an Italian restaurant located at 342 West 46th Street New York, New York 10036 under the name of Da Rosina Ristorante Italiano, at all times relevant to this complaint.

19. Upon information and belief, Defendant West J&R Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principle place of business at 342 West 46th Street New York, New York 10036.

20. Defendant Geminiano Sanz (a.k.a Jimmy Sanz) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21. Defendant Geminiano Sanz (a.k.a Jimmy Sanz) is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22. Defendant Geminiano Sanz (a.k.a Jimmy Sanz) possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23. Defendant Geminiano Sanz (a.k.a Jimmy Sanz) determined the wages and compensation of employees, including Plaintiff Sarmiento, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

24. Defendants own, operate and/or control a restaurant located at 342 West 46th Street New York, New York 10036.

25. Individual Geminiano Sanz (a.k.a Jimmy Sanz) possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Sarmiento's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sarmiento, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Sarmiento, and all similarly situated individuals, and are Plaintiff Sarmiento's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Sarmiento and/or similarly situated individuals.

30. Upon information and belief, Individual Defendant Geminiano Sanz (a.k.a Jimmy Sanz) operates Defendant Corporation as either an alter ego of himself, and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Sarmiento's employers within the meaning of the FLSA and NYLL.

32. Defendants had the power to hire and fire Plaintiff Sarmiento, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Sarmiento's services.

33. In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Sarmiento is a former employee of Defendants, who was employed as a cook.

36. Plaintiff Sarmiento seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Luis Sarmiento Gil*

37. Plaintiff Sarmiento was employed by Defendants from approximately September 2000 until on or about January 22, 2017.

38. At all relevant times, Plaintiff Sarmiento was employed by Defendants to work as a cook.

39. Plaintiff Sarmiento regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

40. Plaintiff Sarmiento's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Sarmiento regularly worked in excess of 40 hours per week.

42. From approximately March 2011 until on or about December 2015, Plaintiff Sarmiento worked from approximately 3:00 p.m. until on or about 12:00 a.m. Tuesdays Wednesdays, Thursdays, Fridays, Saturdays and Sundays (typically 54 hours per week).

43. Throughout his employment with defendants, Plaintiff Sarmiento was paid his wages in cash.

44. From approximately March 2011 until on or about January 2012 or January 2013, Defendants paid Plaintiff Sarmiento a salary of $650 per week.

45. From approximately February 2012 or February 2013 until on or about December 2015, Defendants paid Plaintiff Sarmiento a salary of $700 per week.

46. Defendants never granted Mr. Sarmiento break periods of any kind during his work hours.

47. Plaintiff Sarmiento was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

48. Defendants never provided Plaintiff Sarmiento with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

49. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Sarmiento regarding wages as required under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Sarmiento with each payment of wages a statement of wages, as required by NYLL 195(3).

51. Defendants never gave any notice to Plaintiff Sarmiento, in English and in Spanish (Plaintiff Sarmiento's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52. Defendants regularly required their employees, including Plaintiff Sarmiento, to work in excess of forty (40) hours per week without paying them the proper overtime compensation.

53. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sarmiento (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

54. Defendants paid Plaintiff Sarmiento all of his wages in cash.

55. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

56. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Sarmiento with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Sarmiento's relative lack of sophistication in wage and hour laws.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sarmiento (and similarly situated individuals) worked, and to avoid paying Plaintiff Sarmiento properly for (1) his full hours worked, (2) for overtime due.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Sarmiento and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

59. Defendants failed to provide Plaintiff Sarmiento and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

60. Plaintiff Sarmiento brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Da Rosina Ristorante Italiano (the "FLSA Class").

61. At all relevant times, Plaintiff Sarmiento and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

62. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

63. Plaintiff Sarmiento repeats and realleges all paragraphs above as though fully set forth herein.

64. Defendants, in violation of the FLSA, failed to pay Plaintiff Sarmiento (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

65. Defendants' failure to pay Plaintiff Sarmiento (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff Sarmiento (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

67. Plaintiff Sarmiento repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Sarmiento overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

69. Defendants' failure to pay Plaintiff Sarmiento overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70. Plaintiff Sarmiento has been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

71. Plaintiff Sarmiento repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants failed to provide Plaintiff Sarmiento with a written notice, in English and in Spanish (Plaintiff Sarmiento's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

73. Defendants are liable to Plaintiff Sarmiento in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

74. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

75. Defendants did not provide Plaintiff Sarmiento with wage statements upon each payment of wages, as required by NYLL 195(3).

76. Defendants are liable to Plaintiff Sarmiento in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sarmiento respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated

rules and regulations under, the FLSA as to Plaintiff Sarmiento and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sarmiento's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Sarmiento and the FLSA class members;

(e) Awarding Plaintiff Sarmiento and the FLSA class members damages for the amount of overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Sarmiento and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sarmiento and the members of the FLSA Class;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Sarmiento's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Sarmiento and the FLSA Class members;

(j) Awarding Plaintiff Sarmiento and the FLSA class members damages for the

amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(k) Awarding Plaintiff Sarmiento and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(l) Awarding Plaintiff Sarmiento and the FLSA class members pre-judgment and post-judgment interest as applicable;

(m) Declaring that Defendants' violations of NYLL § 191 was willful as to Plaintiff Sarmiento and the FLSA class members;

Awarding Plaintiff Sarmiento and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sarmiento demands a trial by jury on all issues triable by a jury

Dated: New York, New York
       March 17, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

        /s/ Michael Faillace
By:   Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 2540
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

14

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 16, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                **Luis Sarmiento Gil**

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                 16 de marzo de 2017

Certified as a minority-owned business in the State of New York