USDC SDNY
DOCUMENT
ELECTRONICALLY F
DOC #:
DATE FILED: 8/21/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARMIENTO GIL, et al.,

        Plaintiffs,

-against-

WEST J&R INC., et al.,

        Defendants.

17-CV-1988 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Before the Court is a proposed settlement in an action brought by plaintiffs Luis Sarmiento Gil, Luis Valdez Caballero, Francisco Saquipulla against defendants West J&R Inc. (d/b/a Da Rosina Ristorante Italiano) and Geminiano Sanz under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law (NYLL) §§ 190 *et seq.* and 650 *et seq.* Plaintiffs were employed as hospitality workers at defendants' restaurant. They allege that defendants violated the overtime provisions of the FLSA, and the overtime, wage notice, and wage statement provisions of the NYLL. The parties have now settled their dispute and seek judicial approval of the settlement terms.

The Court held a pre-settlement conference on February 20, 2018, and a settlement conference on February 21, 2018. On May 29, 2018, the parties reached an agreement to resolve their dispute and, thereafter, consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 44, 45.) On August 1, 2018, they submitted their proposed settlement agreement (Agreement) (Dkt. No. 51-1) for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), along with a joint letter (Joint Ltr.) (Dkt. No. 51), discussing the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), and time records kept by plaintiffs' counsel. Joint Ltr. Ex. C.

The Agreement requires defendants to pay a total of $325,000 in full settlement of plaintiffs' claims. Ag. ¶ 3(a). Each plaintiff will receive a "pro rata" share of the settlement amount according to "their relative unpaid wages as alleged in the Complaint." Joint Ltr. at 2, Ex. B (damages chart).

Within 30 days following the Court's approval of the settlement, defendants will make an initial payment of $54,166.67, and thereafter will make the remaining payments in equal monthly installments over a six month period by means of checks made out to plaintiffs' counsel. Ag. ¶ 3(a). Defendant Sanz has executed a confession of judgment for $375,000, which will be held in escrow by plaintiffs' counsel and destroyed upon receipt of all payments. *Id.* ¶ 3(c), Ex. B.

The Agreement contains mutual general release provisions whereby both plaintiffs and defendants release each other from all claims "of any kind whatsoever" based on any conduct occurring through the date of execution of the Agreement. Ag. ¶¶ 4-5. This Court has previously held that broad, general releases may be permissible in non-class FLSA cases where, as here, the plaintiffs no longer work for the defendants and the releases are mutual. *See, e.g., Cionca v. Interactive Reality*, 2016 WL 3440554, at *3-4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); *see also Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) ("In my experience, parties come to a settlement conference in a wage-and-hour case hoping to achieve a resolution of all claims, including any other claims that they may have against each other (whether pled or unpled in the complaint or in any counterclaims) so that they do not have to litigate against each other in the future.").

The Agreement contains a non-disparagement clause that explicitly does not prevent plaintiffs from speaking truthfully about their employment with defendants. Ag. ¶ 10. *See Cionca*, 2016 WL 3440554, at *3 (Moses, M.J.) (requiring carve-out for truthful statements in non-disparagement clause of an FLSA settlement agreement).

The Court finds that plaintiffs' counsel's fees are reasonable under the "percentage of the fund" method. "When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" *Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). Here, plaintiffs' counsel seek 33.3% of the settlement sum ($108,225.00) in attorney's fees. In support of the fee request, counsel submitted a detailed timesheet showing hours reasonably expended in this action. Joint Ltr. Ex. C. Counsel do not separately seek reimbursement for costs.

Having supervised a portion of the parties' settlement negotiations, and having reviewed their filings in this case, I find that the Agreement is fair and reasonable, as required by *Cheeks*, 796 F.3d 199. Accordingly, the proposed settlement is APPROVED, and the case is hereby DISMISSED WITH PREJUDICE. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement if necessary.

The Clerk of Court is directed to close the case.

Dated: New York, New York
August 21, 2018

SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge